**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:26-MJ-00918-DH** |
| | § | |
| **(1) WILBER RAFAEL GARCES-PEREZ,** *Defendant* | § | |
| | § | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, here, Assaulting, Resisting, and Impeding a Federal Officer;
- the weight of the evidence against the person, particularly, video evidence of Defendant fleeing a traffic stop and striking a law enforcement officer with his car in the course of his attempt to flee;
- the history and characteristics of the person, including his lack of ties to the community as compared to his substantial ties to family outside of the United States, his present lack of legal status in the United States, his choice to flee law enforcement which gave rise to the underlying charge, and his incentive to flee in light of the substantial prison sentence he faces; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, primarily demonstrated by his reckless behavior in the course of his flight from law enforcement.

This record establishes by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required.

**DIRECTIONS REGARDING DETENTION**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED September 30, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE